**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Marcy B., Donald C., Christopher G., Defendants,

Of Whom Donald C. is the Appellant,

v.

Joyce L. and William L., Intervenors.

In the interest of a minor under the age of 18.

Appellate Case No. 2011-202740

Appeal From Cherokee County
Phillip K. Sinclair, Family Court Judge

Unpublished Opinion No. 2012-UP-472
Submitted July 2, 2012 – Filed July 27, 2012

**AFFIRMED**

Kenneth P. Shabel, of Campbell & Shabel, LLC, of Spartanburg, for Appellant.

Beth R. Faulkner, of Brice Law Firm, LLC, of York, for Respondent.

Beth Bullock, of Gaffney, for Guardian ad Litem.

**PER CURIAM:** Donald C. (Father) appeals from the family court's order awarding custody of his child (Child) to the South Carolina Department of Social Services (DSS) and relieving DSS from providing treatment services to him. Father argues the family court erred in authorizing DSS to terminate reasonable efforts to provide treatment services that would assist in him in remedying the cause of Child's placement in foster care. We affirm.[1]

We find a preponderance of the evidence supports the family court's holding that DSS made reasonable efforts to provide treatment services that would assist Father in remedying the cause of Child's placement in foster care and authorizing DSS to terminate those efforts. See S.C. Code Ann. § 63-7-1640 (Supp. 2011) (identifying several factors for the family court to consider when determining whether to authorize DSS to terminate or forego reasonable efforts to reunify a family). Here, it was in Child's best interests for DSS to terminate reasonable efforts to provide further treatment services for Father because of Father's extensive history of involvement with DSS and his failure to complete the goals of his treatment plan as well as the necessity of providing a stable placement for Child. A review of the record indicates Father failed to complete his court-ordered anger-management classes and continued to be involved in incidents of domestic violence throughout the time period of DSS's involvement with him. Additionally, Father repeatedly and consistently cooperated with Child's mother to enable her to violate the terms of her treatment and safety plans. Finally, given Father's recent marriage to Child's mother and the fact that the family court has previously allowed DSS to terminate reasonable efforts to reunify the family with regard to Child's mother, continuing efforts with regard to Father would be inconsistent with the permanent plan for Child. Accordingly, the family court did not err in authorizing DSS to terminate reasonable efforts to reunify Father with Child.

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**AFFIRMED.**

**FEW, HUFF, and SHORT, JJ., concur.**